J-S45029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN SMITH | : | No. 1942 EDA 2022 |

Appeal from the PCRA Order Entered June 28, 2022
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0004431-2018

BEFORE: OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:                           **FILED JUNE 07, 2023**

The Commonwealth of Pennsylvania appeals from the order granting a new trial pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 95412-46. We affirm.

On December 12, 2018, a jury found Appellee, Shawn Smith, guilty of strangulation, assault, and harassment.[1] The PCRA court summarized the pertinent facts:

> Appellee was represented by two members of the Bucks County Public Defender's Office—Mr. Riley Downs, Esquire during his preliminary hearing and Mr. Brian McBeth, Esquire during his trial and sentencing.
>
> Appellee's conviction stemmed from an incident that occurred on May 6, 2018. Appellee assaulted his on-and-off girlfriend, Holly Stiffel (hereinafter "Victim"), at the apartment they shared in Quakertown, Bucks County. Victim had swelling

---

[1] 18 Pa.C.S.A. §§ 2718, 2701, and 2709.

and bruising over parts of her body, but no observable marks consistent with strangulation. The Commonwealth offered testimony from Victim and the responding police officer to prove its case in chief.

On the morning of trial, Mr. McBeth requested a continuance to investigate a potential alibi witness. This Court denied the request for a continuance as the trial had already been continued previously and Mr. McBeth relayed that Appellee only notified him shortly before trial of the alibi witness.

[…]

On March 15, 2022, this Court held a hearing on Appellee's PCRA wherein it learned that Appellee was originally represented by Riley Downs, Esquire at the preliminary hearing and that he offered Holly Smith, Appellee's wife (hereinafter "Ms. Smith"), as an alibi witness. She testified that, on the night of the incident, she and Appellee were at her home in Jim Thorpe, Pennsylvania. At some point, the case was reassigned to Mr. McBeth. While Mr. Downs states he noted Ms. Smith's contact information in the file, he did not directly speak with McBeth about her testimony nor did either attorney request the transcript from the preliminary hearing. Mr. McBeth testified that the office investigator attempted to reach Ms. Smith via the contact information Mr. Downs had provided, but was unsuccessful. However, Ms. Smith testified that she never received a call from anyone in trial counsel's office until just before Appellee's sentencing.

PCRA Court Opinion, 9/21/22, at 1-3 (record citations omitted).

On February 8, 2019, the trial court sentenced Appellee to 3½ to 10 years of incarceration for strangulation with no further penalty on the remaining convictions. This Court affirmed the judgment of sentence on March 4, 2020. Appellant did not file a petition for allowance of appeal in our Supreme Court.

Appellee, proceeding *pro se*, filed this timely first PCRA petition on June 10, 2020. An amended, counseled petition followed on October 25, 2021,

alleging, among other things, that trial counsel was ineffective for failing to present an alibi witness. The PCRA court conducted a hearing on March 15, 2022, receiving testimony from trial counsel and Ms. Smith. On June 28, 2022, the PCRA court entered an order awarding Appellee a new trial. This timely appeal followed. The only issue before us is whether the PCRA court erred in finding trial counsel ineffective for failing to present Ms. Smith as an alibi witness and to request an alibi jury instruction based on Appellee's own testimony at trial.

Our standard of review is well-settled.

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. 2015) (*en banc*), *appeal denied*, 123 A.3d 331 (Pa. 2015).

To prevail on a claim of ineffective assistance of counsel, a petitioner must plead and prove that (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for the disputed action or inaction; and (3) counsel's failures prejudiced the petitioner such that the outcome would have been different but for counsel's error. *Id.* at 780. Counsel is presumed effective, and the petitioner therefore bears the burden of proving otherwise by a preponderance of the evidence. *Id.* at 779-80. A failure to

prove any one of the three prongs is fatal to the claim. *Id.* at 780. The extent of counsel's ineffectiveness must be such that "no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

> [R]egarding the failure to procure a witness's testimony, a petitioner must demonstrate: (1) the witness existed; (2) counsel was either aware of or should have been aware of the witness' existence; (3) the witness was willing and able to cooperate with the defense; and (4) the defendant was prejudiced by the absence of the witness' testimony.

*Commonwealth v. Simpson*, 66 A.3d 253, 271 (Pa. 2013). "A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts." *Commonwealth v. Johnson*, 966 A.2d 523, 539 (Pa. 2009).

The Commonwealth concedes that Appellee's claims are of arguable merit, and that the record lacks any evidence in support of a reasonable strategic basis for trial counsel's alleged errors. Commonwealth's Brief at 11. Furthermore, there is no dispute in this case that the alibi witness—Holly Smith—existed, was known to counsel, and was willing to testify on behalf of Appellee. Thus, we need only analyze whether the absence of Smith's testimony was prejudicial to Appellee.

The Commonwealth argues that the PCRA court did not adequately assess Ms. Smith's credibility or, in the alternative, that the PCRA court's finding of Ms. Smith's credibility was not supported by the record. The Commonwealth relies on *Johnson*, wherein the PCRA court granted a new trial based on counsel's failure to call an alibi witness. Our Supreme Court

remanded, concluding that the PCRA court's assessment of the alibi witness' credibility was not sufficient. In **Johnson**, the PCRA court wrote that its decision was not based on the credibility of the missing alibi witnesses, "but on counsel's failure to even interview the witnesses, present them, and make an adequate defense." **Id.** at 535. Our Supreme Court explained that where an assessment of witness testimony was essential to a petitioner's ineffectiveness claims, the PCRA court must make specific credibility determinations. **Id.** at 540.

> To properly grant **Strickland**[2] relief here, the PCRA court would have to find that the uncalled fact witnesses and the deficiently prepared alibi witness had relevant evidence that could have aided appellee's defense, and that there is a reasonable probability that the introduction of such evidence would have altered the outcome of the trial. That assessment must necessarily include some measure of a finding that the witnesses were credible, something the PCRA court here expressly declined to do.

**Id.** at 540. The PCRA court need not, however, go so far as to find that the evidence presented at a PCRA hearing would have been deemed credible at trial. **Id.** at 541. Thus, in remanding to the PCRA court, the Supreme Court gave the following instruction:

> In assessing credibility on remand in the case sub judice, the question for the PCRA court is not whether the jury in fact would have credited appellee's new evidence and his recast alibi evidence. Instead, **the question is whether the nature and quality of the evidence is such that there is a reasonable probability that the jury would have credited it and rendered a more favorable verdict.**

---

[2] **Strickland v. Washington**, 466 U.S. 668 (1984).

*Id.* at 542 (emphasis added).

The Commonwealth argues that the PCRA court's assessment of Ms. Smith's credibility was insufficient under the Supreme Court's analysis in *Johnson*. The PCRA court found as follows:

> It is clear from the preliminary hearing and PCRA hearing that Ms. Smith's testimony was invaluable in that it offered an alibi defense for Appellee and, if believed, would have made it impossible for him to have committed the crime. Further, her presence at trial would have negated the need for trial counsel to argue for a compromise verdict to the jury. This case depended on whether the jury believed Victim's testimony or whether the jury believed Appellee's testimony that he had an alibi. The Commonwealth's evidence was not overwhelming—an alibi witness could have certainly cast doubt on Victim's testimony.
>
> Appellee is not required to demonstrate that Ms. Smith's testimony would have actually been deemed credible by a jury to establish prejudice, only that there is a reasonable probability that the testimony could have altered the outcome of the proceeding.

PCRA Court Opinion, 9/21/22 at 7. Thus, the PCRA court's findings precisely track the test set forth in *Johnson*.

The Commonwealth argues otherwise, relying in part on this misleading misquote of *Johnson*: "Appellee must demonstrate, and the PCRA court must find, that 'the nature and quality [of the evidence] is such that the jury would have credited it and rendered a more favorable verdict.'" Commonwealth's Brief at 15 (**quoting *Johnson***, 966 A.2d at 540). The passage of *Johnson* reads: "[T]he question is whether the nature and quality of the evidence is such that **there is a reasonable probability** that the jury would have credited it and rendered a more favorable verdict." *Johnson*, 966 A.2d at

542) (emphasis added).[3]    By omitting the emphasized language, the Commonwealth mischaracterizes the holding in *Johnson*.   The PCRA court's findings are precisely in accord with the requirements of *Johnson*, and the Commonwealth's argument to the contrary lacks merit.

With the remainder of its brief, the Commonwealth engages in a detailed analysis of the trial court record and of Ms. Smith's testimony at the PCRA hearing, arguing that Ms. Smith is obviously not credible considering the evidence produced at trial.   The Commonwealth concludes, "Although the Commonwealth's evidence was circumstantial and rested largely on witness credibility, the totality of the evidence thoroughly refutes Appellee's alibi defense and sufficiently corroborates the victim's version of events." Commonwealth's Brief at 31.   Our Supreme Court explained in *Johnson* that a PCRA court's credibility findings are entitled to "great deference." *Johnson*, 966 A.2d at 539.   The Commonwealth invites us to ignore that instruction, engage in detailed fact finding, and weigh Ms. Smith's credibility against that of the victim.   We must decline, as we are not a fact finding court.

---

[3] The Commonwealth incorrectly cites to page 540 rather than 542 of the Second Atlantic Reporter.

For the foregoing reasons, we conclude the Commonwealth has not articulated any valid basis for reversing the PCRA court's order.[4]  We therefore affirm.

Order affirmed.


*Judgment Entered.*

_____
*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: 6/7/2023

_____

[4]  The PCRA court also concluded that Appellee was entitled to a new trial for counsel's failure to request an alibi instruction, inasmuch as Appellee, testifying on his own behalf, claimed an alibi.  The Commonwealth addresses this conclusion in a separate argument in its brief.  Given our disposition of this appeal, we need not address whether the absence of an alibi instruction was prejudicial.